[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO STRIKE
The issue is whether the defendants' motion to strike Counts Two and Four and corresponding prayer for relief should be granted.
On January 15, 1997, Rami Hamzi and Munir Hamzi filed a motion to strike Counts Two and Four and the corresponding prayer for relief on the ground that Counts Two and Four fail to state a claim upon which relief can be granted. Specifically, Rami and Munir Hamzi argue that Mr. Guerrera has merely realleged the facts found in his negligence count and these facts are insufficient to support a claim of recklessness. Rami and Munir Hamzi also argue that Count Four fails to state a claim upon which relief may be granted because punitive damages may not be imputed to the owner of a vehicle pursuant to §§ 14-295 and52-182, the family car doctrine.
Mr. Guerrera counters that he has alleged sufficient facts in Count Two and Four to support a claim or recklessness pursuant to § 14-295. Mr. Guerrera, however, failed to address the issue of whether punitive damages may be imposed on the owner of a motor vehicle pursuant to § 14-295 and the family car doctrine.
"A split of authority exists in the superior courts as to the degree of specificity required when alleging a cause of action in recklessness pursuant to § 14-295." Castillo v. Caporani, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329702 (April 12, 1996, Ballen, J.)[1] Some superior courts require plaintiff to allege specific reckless acts when pleading a claim pursuant to § 14-295. See, e.g., Pitka v.Ullrich, Superior Court, judicial district of New London at New London, Docket No. 530000 (November 15, 1994, Austin, J.). Other superior courts have held "that to sufficiently allege a cause of CT Page 5564 action under § 14-295, the plaintiff need only plead that the defendant has violated one of the enumerated statutory provisions and that such violation was a substantial factor in causing the plaintiff's injury." Castillo v. Caporani, supra, Superior Court, Docket No. 329702.
"The plain language of § 14-295 favors the more liberal pleading requirements articulated in Spencer v. King, [Superior Court, judicial district of Middlesex at Middletown, Docket No. 069530 (September 16, 1993, Higgins, J.) and Castillo v.Caporani, supra,] and the line of cases in accord with that decision." Bavolacco v. Medalis, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324479 (September 14, 1995, Ballen, J.). The court adopts the "more liberal" pleading requirement.
Mr. Guerrera alleged in Count Two that Rami Hamzi intentionally or with reckless disregard operated a motor vehicle in violation of sections 14-218a, 14-219, and 14-222, sections which are enumerated in § 145-295. Mr. Guerrera also alleged that Rami Hamzi's violation of these sections were a substantial factor in causing his injuries. Therefore, Mr. Guerrera has sufficiently alleged a recklessness claim pursuant to § 14-295. And the defendants' motion to strike Count Two and the corresponding prayer for relief is denied.
Rami and Munir Hamzi move to strike Count Four on the ground that punitive damages may not be imputed to the owner of a vehicle pursuant to § 14-295 and § 52-182, the family car doctrine. Mr. Guerrera does not address this issue in his memorandum of law in opposition to the defendants' motion.
"[T]he superior courts have uniformly determined that §52-182 [the family car doctrine] does not allow the imposition of double and treble damages on the owner for the reckless conduct of the operator. . . ." (Citations omitted; internal quotation marks omitted.) Gregson v. Chiaranda, Superior Court, judicial District of Fairfield at Bridgeport, Docket No. 327696 (November 22, 1996, Maiocco, J.).
Therefore, Rami and Munir Hamzi's motion to strike Count Four of Mr. Guerrera's complaint is granted.
KULAWIZ, J. CT Page 5565